**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

VERON BRIGGS,

                          Plaintiff,

                                                                            1:22-CV-1065
                v.                                                                   (DJS)

THOMAS BASS, *et al.*,

                          Defendants.

**APPEARANCES:**                                      **OF COUNSEL:**

VERON BRIGGS
Plaintiff, *Pro Se*
Troy, New York 12182

PATTISON SAMPSON GINSBERG &      RHIANNON I. GIFFORD, ESQ.
GRIFFIN PLLC
Attorney for Defendants
P.O. Box 208
22 First Street
Troy, New York 12180

**DANIEL J. STEWART**
**United States Magistrate Judge**

### MEMORANDUM-DECISION AND ORDER[1]

*Pro se* Plaintiff Veron Briggs brings this 42 U.S.C. § 1983 civil rights action alleging that Defendants falsely arrested him in violation of his constitutional rights. *See generally* Dkt. No. 1, Compl. Pending before the Court is Defendants' Motion for Summary Judgment seeking dismissal of the Complaint in its entirety. Dkt. Nos. 25 &

---

[1] Upon the parties' consent this matter has been referred to the undersigned to exercise full jurisdiction pursuant to 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. *See* Dkt. No. 18.

25-14, Defs.' Mem. of Law.  Plaintiff filed an opposition to the Motion to which Defendants replied.  Dkt. No. 36-1, Pl.'s Opp.; Dkt. No. 40.  Plaintiff's opposition is styled as a cross-motion for summary judgment.  *See generally* Pl.'s Opp.

For the reasons set forth below, the Defendants' Motion for Summary Judgment is **GRANTED** and Plaintiff's Cross-Motion is **DENIED**.[2]

## I. BACKGROUND

Plaintiff alleges that on January 23, 2022, he was falsely arrested by Defendants after they arrived on the scene of a domestic dispute between Plaintiff and Ms. Nevaeh Wright.  Compl. at pp. 2-3; Dkt. No. 36-2 at pp. 1-2.  When Defendants arrived on the scene, Ms. Wright informed them that Plaintiff hit her, and she had an Order of Protection against him.  *See, e.g.*, Dkt. No. 25-1 at ¶ 5.  Ms. Wright later told Defendants that Plaintiff had broken her phone and kicked her.  *Id.* at ¶ 8.  When Defendants attempted to speak with Plaintiff, he admittedly left the scene.  Dkt. No. 25-3 at ¶ 6; Compl. at p. 3.  Acting on the above information, Defendants later arrested Plaintiff and charged him with (1) criminal contempt in the first degree for violating the active Order of Protection; (2) harassment in the second degree; (3) criminal mischief in the fourth degree with intent to damage property; and (4) criminal mischief with intent to disable equipment to prevent a request for emergency assistance.  Dkt. Nos. 25-3, 25-7, 25-8, 25-9, & 25-10.  Plaintiff argues that his arrest violated his Fourth and Eight Amendment rights.  Compl. at pp. 3-4.

---

[2] The Court notes that Plaintiff's Cross-Motion is untimely because it was filed after the response date set by the Court.  Dkt. No. 34.  Nor does it comply with the Court's Local Rules for filing a cross-motion.  *See* L.R. 7.1(c).

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate only where "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). The moving party bears the burden to demonstrate through "pleadings, depositions, answers to interrogatories, and admissions on file, together with . . . affidavits, if any," that there is no genuine issue of material fact. *F.D.I.C. v. Giammettei*, 34 F.3d 51, 54 (2d Cir. 1994) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). To defeat a motion for summary judgment, the non-movant must set out specific facts showing that a genuine issue exists and cannot rest merely on allegations or denials of the facts submitted by the movant. FED. R. CIV. P. 56(c); *see also Scott v. Coughlin*, 344 F.3d 282, 287 (2d Cir. 2003) ("Conclusory allegations or denials are ordinarily not sufficient to defeat a motion for summary judgment when the moving party has set out a documentary case.").

When considering a motion for summary judgment, the court must resolve all ambiguities and draw all reasonable inferences in favor of the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). "[T]he trial court's task at the summary judgment motion stage of the litigation is carefully limited to discerning whether there are any genuine issues of material fact to be tried, not to deciding them. Its duty, in short, is confined at this point to issue-finding; it does not extend to issue-resolution." *Gallo v. Prudential Residential Servs., Ltd. P'ship*, 22 F.3d 1219, 1224 (2d Cir. 1994). Furthermore, where a party is proceeding *pro se*, the court must "read [his or her] supporting papers liberally, and . . . interpret them to raise the strongest arguments that

they suggest." *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir. 1994), *accord*, *Soto v. Walker*, 44 F.3d 169, 173 (2d Cir. 1995). Nonetheless, summary judgment is appropriate "[w]here the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

### III. DISCUSSION

Defendants seek summary judgment arguing that Plaintiff was not subject to false arrest as a matter of law, Defendants are entitled to qualified immunity, and any Eighth Amendment claim is baseless. *See generally* Defs.' Mem. of Law. For the reasons that follow, Defendants' Motion is granted.

### A. False Arrest

"To establish a § 1983 claim for false arrest, [Plaintiff] must adduce evidence that: (i) the [Defendants] intended to confine [him]; (ii) [Plaintiff was] conscious of the confinement; (iii) [Plaintiff] did not consent to being confined; and (iv) the confinement was not otherwise privileged." *Berg v. Kelly*, 897 F.3d 99, 106 (2d Cir. 2018). "The existence of probable cause to arrest constitutes justification and is a complete defense to an action for false arrest, whether that action is brought under state law or under § 1983." *Covington v. City of New York*, 171 F.3d 117, 122 (2d Cir. 1999) (internal quotation marks omitted); *see also Singer v. Fulton Cnty. Sheriff*, 63 F.3d 110, 118 (2d Cir. 1995) ("There can be no federal civil rights claim for false arrest where the arresting officer had probable cause.").

> [P]robable cause to arrest exists when the officers have knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime . . . . The question of whether or not probable cause existed may be determinable as a matter of law if there is no dispute as to the pertinent events and the knowledge of the officers[.]

*Maron v. Cnty. of Albany*, 166 F. App'x 540, 541-42 (2d Cir. 2006) (internal quotation marks omitted).

The Supreme Court has emphasized that probable cause to arrest does not require "an actual showing of [criminal] activity," "only a probability or substantial chance of criminal activity." *District of Columbia v. Wesby*, 583 U.S. 48, 57 (2018). Thus, where officers may "reasonably infer" criminal activity, probable cause exists. *See Kee v. City of New York*, 12 F.4th 150, 160-61 (2d Cir. 2021) (affirming grant of summary judgment in officers' favor where "the uncontroverted facts established probable cause" for the subject arrest). When the undisputed facts leading to an arrest suggest that probable cause exists, granting summary judgment in defendants' favor is appropriate. *See Campanaro v. City of Rome*, 999 F. Supp. 277, 280 (N.D.N.Y. 1998); *Hotaling v. LaPlante*, 167 F. Supp. 2d 517, 521 (N.D.N.Y. 2001) ("Even viewing the facts and inferences in the light most favorable to the plaintiff, the record reflects that [the defendant] did have probable cause to arrest . . . [b]ecause a reasonable person would find that the statements of the alleged victim and witnesses to the incident constitute knowledgeable and trustworthy sources."). Moreover, where a victim provides a written statement in support of charging someone with a crime, the arresting officer "has probable cause to effect an arrest absent

circumstances that raise doubts as to the victim's veracity." *Singer v. Fulton Cnty. Sheriff*, 63 F.3d 110, 119 (2d Cir. 1995).

Here, the existence of probable cause justifies the arrest at issue. Upon arrival to the scene, Ms. Wright, the alleged victim, informed Defendants that Plaintiff hit her and that she had an Order of Protection against him. Dkt. No. 25-2 at ¶ 5. She then provided a written statement alleging that Plaintiff broke her phone to prevent her from calling 911. Dkt. No. 25-5 at p. 2. Therein, Ms. Wright also alleged that "[a]fter [Plaintiff] broke [her] phone he . . . kicked [her] in [her] left leg causing substantial pain." Dkt. No. 25-5 at p. 2. When Defendants attempted to speak to Plaintiff about the situation Plaintiff left the scene. *Id.* at ¶ 6; Compl. at p. 3. Given the circumstances, Plaintiff was detained. Dkt. No. 25-2 at ¶ 7. While detained, Defendants were able to determine that Ms. Wright did in fact have an active Order of Protection against Plaintiff. Dkt. No. 25-11.

Ms. Wright's written statement, the active Order of Protection, and Plaintiff's conduct at the scene provided probable cause to arrest Plaintiff for criminal contempt in the first degree for violating the active Order of Protection. Dkt. No. 25-7; N.Y. Penal Law § 215.51(b)(v) (physical assault in violation of protective order). Ms. Wright's allegations that Plaintiff kicked her also provided probable cause to arrest and charge Plaintiff with harassment in the second degree. Dkt. No. 25-10; N.Y. Penal Law § 120.26(1) ("A person is guilty of harassment in the second degree when, with intent to harass, annoy or alarm another person: (1) he or she strikes, shoves, kicks or otherwise subjects such other person to physical contact, or attempts or threatens to do the same."). Further, Plaintiff's conduct in breaking Ms. Wright's phone provided Defendants with

probable cause to arrest Plaintiff and charge him with both criminal mischief in the fourth degree with intent to damage property and criminal mischief with intent to disable equipment to prevent the request for emergency assistance.  Dkt. Nos. 8-9; N.Y. Penal Law § 145.00(1) & (4) ("A person is guilty of criminal mischief in the fourth degree when, having no right to do so nor any reasonable ground to believe that he or she has such right, he or she: (1) Intentionally damages property of another person; or . . . (4) With intent to prevent a person from communicating a request for emergency assistance, intentionally disables or removes telephonic, TTY or similar communication sending equipment while that person: (a) is attempting to seek or is engaged in the process of seeking emergency assistance from police, law enforcement, fire or emergency medical services personnel.").

Thus, Plaintiff's arrest was supported by probable cause.  Moreover, the above facts are uncontroverted because Plaintiff's version of events is identical, only differing by asserting Defendants abused their authority when arresting Plaintiff and should have known Plaintiff was "the protected party."  Compl. at pp. 1-3; Dkt. No. 36-4 at p. 12. Because the undisputed facts leading to the arrest show that probable cause existed, the Court grants Defendants' Motion on this ground.

## B.  Qualified Immunity

Even if probable cause did not exist, summary judgment is still warranted. Qualified immunity shields a defendant from liability where it is "objectively reasonable for [the defendant] to believe that his acts did not violate [the plaintiff's] rights."  *Robison v. Via*, 821 F.2d 913, 921 (2d Cir. 1987).  In the false arrest context, arresting officers are entitled to qualified immunity if "arguable probable cause" existed at the time of arrest.

*Triolo v. Nassau Cnty.*, 24 F.4th 98, 107 (2d Cir. 2022). "Arguable probable cause exists if either (a) it was objectively reasonable for the officer to believe that probable cause existed, or (b) officers of reasonable competence could disagree on whether the probable cause test was met." *Myers v. Patterson*, 819 F.3d 625, 633 (2d Cir. 2016) (internal quotation marks omitted). Whether an officer's belief that probable cause existed was reasonable is determined by looking to "the facts known to the police" at the time of arrest. *See, e.g.*, *Zalaski v. City of Hartford*, 723 F.3d 382, 393 (2d Cir. 2013). "[I]n situations where an officer may have reasonably but mistakenly concluded that probable cause existed, the officer is nonetheless entitled to qualified immunity." *Caldarola v. Calabrese*, 298 F.3d 156, 162 (2d Cir. 2002). "If there remains an objective basis to support arguable probable cause, remaining factual disputes are not material to the issue of qualified immunity and summary judgment should be granted to the defendant on the basis of qualified immunity." *Escalera v. Lunn*, 361 F.3d 737, 744 (2d Cir. 2004).

Here, Defendants are entitled to qualified immunity. The undisputed facts, explicitly corroborated by Plaintiff, paint a simple picture as detailed above. In sum, Ms. Wright provided a written statement alleging that Plaintiff physically assaulted her and damaged her property. Dkt. No. 25-5 at p. 2. When confronted by Defendants, Plaintiff scurried away. Dkt. No. 25-1 ¶ 6; Compl. at p. 3. A search of the Order of Protection Registry also revealed that Ms. Wright had an active Order of Protection against Plaintiff, further corroborating her story. *Id.* at ¶ 9. Acting on the allegations made, the information obtained, and Plaintiff's conduct, Defendants arrested Plaintiff. *Id.* at ¶ 11. For the same reasons detailed above, it was reasonable for Defendants to believe probable cause to

arrest Plaintiff existed.  For this reason, the Court grants summary judgment on this ground.

### C. Eighth Amendment

The Eighth Amendment protects prisoners from "cruel and unusual punishment" at the hands of prison officials.  *Wilson v. Seiter*, 501 U.S. 294, 296-97 (1991); *Estelle v. Gamble*, 429 U.S. 97, 102 (1976).  The keyword is *prisoner*.  It is well-settled that the Eighth Amendment "does not apply to individuals who are detained pre-trial as they 'have not been convicted of a crime and thus may not be punished in any manner—neither cruelly and unusually nor otherwise.'"  *Laurent v. Edwin*, 528 F. Supp. 3d 69, 85 (E.D.N.Y. 2021) (quoting *Darnell v. Pineiro*, 849 F.3d 17, 29 (2d Cir. 2017)).  While a false arrest claim implicates the Fourth Amendment it does not implicate the Eighth.  *See, e.g.*, *Micalizzi v. Ciamarra*, 206 F. Supp. 2d 564, 579 (S.D.N.Y. 2002).  Thus, summary judgment should be granted where a plaintiff does not state an Eighth Amendment claim.  *Thomas v. City of New York*, 2012 WL 4889257, at *3 (S.D.N.Y. Oct. 16, 2012).

Here, Plaintiff asserts that his alleged false arrest violated his Eighth Amendment rights.  Compl. at pp. 3-4.  However, it is undisputed that Plaintiff was a mere pre-trial detainee upon his arrest.  Plaintiff does not allege any facts suggesting that he was a prisoner subject to cruel and unusual punishment.  *See generally* Compl.; Pl.'s Opp.  Given the fact that the Eighth Amendment does not apply to Plaintiff's claim, and he has failed to plead any facts suggesting otherwise, summary judgment is granted on this ground.

## IV.  CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED**, that Defendants' Motion for Summary Judgment (Dkt. No. 25-14) is **GRANTED**; and it is further

**ORDERED**, that Plaintiff's Cross-Motion for Summary Judgment (Dkt. No. 36) is **DENIED**; and it is further

**ORDERED**, that the Complaint (Dkt. No. 1) is **DISMISSED**; and it is

**ORDERED**, that the Clerk of the Court serve a copy of this Memorandum-Decision and Order upon the parties to this action.

Dated: April 10, 2024
      Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge